## UNITED STATES COURT OF FEDERAL CLAIMS

**WARDELLE MCCLENDON, on behalf of himself and those similarly situated,**

    **Plaintiff,**

vs.

**UNITED STATES OF AMERICA,**

    <u>**Defendant.**</u>                    /

**CASE NO.:  1:12-CV-00081-LMB
(JUDGE BASKIR)**

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION SEEKING CONDITIONAL CERTIFICATION

Pursuant to the Federal Rules of Civil Procedure and the local rules of this court permitting a Reply Memorandum, Plaintiff replies to Defendant's Opposition to Plaintiff's Motion for Certification, and states as follows:

Despite Defendant's contentions, Plaintiff has provided this Court with sufficient allegations that he *is* similarly situated to other Equal Employment Specialists and that there was a policy of non-payment of overtime common to the class.  As a result, Plaintiff has

1

met his minimal burden under Stage I and the case should be conditionally certified.

## MEMORANDUM OF LAW

### I.     "STEP ONE" ANALYSIS STILL APPLIES

#### A.     Despite Defendant's Efforts to Raise Plaintiff's Burden of Proof to Stage II, Stage I *Still* Applies

"Step one" of the two step analysis for conditional certification still applies. Only until discovery is complete, and the case is ready to be tried, the party opposing class certification may move to decertify the class. *See Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 467 (N.D.Cal.2004)(emphasis added). It is at this *second stage* that the Court must consider: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Id.*  This point is important because, as district courts have noted, the prejudice to a plaintiff of skipping the notice stage could be significant, while prejudice to a defendant is minimal since it is able to move for decertification at the close of discovery. *See Wise v. Patriot Resorts Corp.*, 2006 WL 6110885, at *2, 2006 U.S. Dist. LEXIS 97992, at *4 (D.Mass. Feb. 15,

2006) (declining to skip the notice stage even though the "bulk of discovery [was] complete because the plaintiffs were "manifestly entitled to take the first step of the two-step process towards obtaining approval to proceed with their collective action"); *In re AON Corp. Wage & Hour Empl. Practices Litig.*, 2010 WL 1433314, at *8-9, 2010 U.S. Dist. LEXIS 34888, at *24-25 (N.D.Ill. Apr. 8, 2010) (declining to skip stage one despite extensive discovery, noting no prejudice to defendant).

### B. Defendant's "Highly Individualized" Arguments are Premature and Suited for Stage II

Defendant's argument that any potential opt-in plaintiffs' claims for damages are highly individualized is not only incorrect, but has no bearing on whether this case should be conditionally certified. *See* Doc. 28 at 5. Courts have consistently held that whether Plaintiffs' claims will involve individual proof is premature for Stage I inquiry and more suited for Stage II, if and when Defendant files a motion for decertification. *See Smith v. Family Video Movie Club, Inc.*, 2012 WL 580775 at p. 4 (N.D.Ill. 2012)(finding Defendant's argument that the analysis of claims and defenses will involve a highly individualized inquiry for each Plaintiff are premature at this juncture when Plaintiffs

3

merely seek a conditional certification at the first step of the collective action process; at the second step, a defendant can raise these concerns); *See also Jason v. Falcon Data Com, Inc.*, 2011 WL 2837488 (E.D.N.Y. 2011)(ruling Defendant's argument that individualized inquiries will be necessary to determine the hours worked by the putative plaintiffs was premature and was more appropriately addressed at the decertification stage). Similar to the case at hand, the issue of whether Equal Employment Specialists' overtime hours will require individualized inquiry is suited for Stage II.

## II. PLAINTIFF HAS SATISFIED ITS BURDEN FOR STEP ONE

### A. Plaintiff has Provided Ample Evidence to Warrant Conditional Certification

Plaintiff has made a modest factual showing that Equal Employment Specialists were similarly situated. The Court need not look further than Defendant's own Declaration to determine that the putative class members performed the same primary job duty. *See* Franco Decl. at Doc. 28-1 (confirming that all GS-9, 11 and 12 EEO counselors perform the same job duties although GS-12 counselors may have added responsibilities). Importantly, Defendant does not,

deny that EEO counselors: (a) were all paid a salary; (b) performed similar job duties on a day to day basis for Defendant; and (c) were classified as exempt by Defendant prior to February 8, 2011. *See* Doc. 24-1, pp. 5,6; *compare generally* Doc. 28.

Further, conditional certification of this case is warranted for obvious reasons.  Thus far, fourteen (14) EEO counselors have joined this case prior to notice being issued.  If the case is not certified, the current Plaintiffs alone would be forced to pursue the same case involving the same set of facts and legal issues fourteen (14) different times with the only difference being the hours that they allege they worked.  In addition, it is safe to assume others will continue to either join this case or file separate suits soon.  *See Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989)("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.").  This same principle should govern the case at hand.

## B.    Minor Variations in Job Duties are Irrelevant

Here, Defendant's Response to Plaintiff's Motion for Conditional Certification follows the same failed methods for opposing notice as other Defendants.  For example, Defendant, places great emphasis on minor differences between the different EEO counselors located in different locations nationwide.  However, courts have routinely held that minor differences among class members are insufficient to prevent conditional certification at step one.  *Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 4635198, at 5 (N.D.Cal. 2011)(minor differences not necessarily relevant to the evaluation of the class claims; Similarly, differences in wage rates and hours worked amongst named plaintiffs does not necessarily defeat the initiation of a collective action); *see also Ahle v. Veracity Research Co., 2009 WL 3103852, at pp. 4,5* (D.Minn.,2009)(Although higher level investigators may well have additional duties, Defendant's characterization that the "primary" duty of all levels of investigators is not the same is not appropriate rebuttal at this stage of the certification process, where factual disputes are not resolved; *Scott v. Heartland Home Fin., Inc.,* 2006 U.S. Dist LEXIS 28839 (M.D. Fla.

2006)("[a]t the notice stage, however, it is not appropriate for the Court to address the merits of the Plaintiff's claims or weigh the evidence. Accordingly, variations in specific duties, if any, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage.").

Plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs. *Id*. The same logic should apply to the case at hand as such minor variations do not mean that the Equal Employment Specialists are not similarly situated.

### C. Courts Routinely Grant Conditional Certification Where Defendants Have Already Reclassified the Position at Hand

Defendant's Response Brief incorrectly argues that Plaintiffs are no longer similarly situated simply because it has already reclassified its EEO counselors. *See* Doc. 28 at pp. 10,11. However, it conveniently overlooks the fact that Courts routinely grant conditional certification in cases where a Defendant has already reclassified the position. *See Swigart v. Fifth Third Bank* 276 F.R.D. 210 (S.D.Ohio 2011)(Granting conditional certification where

defendant reclassified is mortgage loan officers as non-exempt *and* paid back overtime pay prior to Plaintiff filing motion); *See also Raniere v. Citigroup Inc.*, 827 F.Supp.2d 294, 321 (S.D.N.Y. 2011)(conditionally certifying class of loan consultants who were reclassified prior to the filing of the complaint; person-by-person fact-intensive inquiry is premature at the conditional certification stage).

### D. Discovery can Proceed Through Representative Discovery

Defendant's highly individualized inquiry concerns can be resolved through representative discovery. Many district courts have ordered representative discovery using a percentage of class members significantly smaller. *See, e.g., Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 356 (S.D. Ohio 2006)(permitting defendants to sample 6% of opt-in class with written discovery); *Schiff v. Racetrac Petroleum, Inc.*, 2:03-cv-402, Dkt. No. 111 (E.D. Tex. June 8, 2005) (adopting sample size of 35 out of 1,000 class members for written discovery or 3.5%); *Lusardi v. Xerox Corporation*, 118 F.R.D. 351, 354 (D.N.J. 1987)(discovery permitted of 51 of 1,312 opt-ins or less than 4%). Further, at least one Court has suggested that in the event that individual discovery is truly

necessary in a collective action, it should only be granted only "after conducting the discovery of the representative sample." *Nelson v. American Standard, Inc.*, 2009 WL 4730166 at * 3.(E.D.Tex.)(emphasis added). In other words, after conducting representative discovery "defendants can [attempt to] demonstrate to the Court that broader discovery is appropriate and necessary. . . ." *Id*.

### III. PLAINTIFF'S PROPOSED CLASS NOTICE

#### A. Plaintiff's Proposed Notice Contains the Appropriate Class Period

Plaintiff vehemently disagrees with Defendant's position that the claim period for Plaintiff and the putative class members should not date back prior to February 6, 2009, three years before Plaintiff filed this lawsuit. The facts surrounding this lawsuit warrant a tolling of the statute of limitations for all similarly situated EEO counselors. As part of its investigations, ORM agreed to allow all EEO counselors to submit claims for any alleged overtime hours worked but not compensated between February 8, 2009 and February 7, 2011. *See* Doc. 24-3. Although at least twenty-two (22) EEO counselors

submitted claims, hardly any counselors received any back overtime wages for the entire two year period. *See* Docs. 24-4-12 (EEO counselors describe how their claims were systematically denied); *see also* Doc. 28-1 (where Ms. Franco conveniently fails to address how many of the 22 counselors received back wages). As a result, Defendant clearly had no intentions on paying any reasonable back overtime wages and also failed to explain that filing a claim through internal procedures would not toll the statute of limitations.

These circumstances justify tolling the statute of limitations. *See, e.g., Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir. 1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant), abrogated on other grounds by *Hoffman–LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

In *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, 2008 U.S. Dist. LEXIS 83315 (D. Ariz. 2008), the court tolled the statute of limitations for potential FLSA opt-in plaintiffs due to delays beyond their control. As the *Stickle* court noted:

> Courts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice. *See, e.g., Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not tolling the statute would be to bar forever any claim" the employees had against defendant), abrogated on other grounds by *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); *see also Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 U.S. Dist. LEXIS 21315, 2007 WL 707475 at *8 (N.D.Cal. Mar. 6, 2007) (equitably tolling FLSA statute of limitations because of factors outside plaintiffs' control, including litigation, arbitration and settlement of related action).

*Id.* at *63-64. The *Stickle* court reasoned:

> Defendants here will not be prejudiced by an equitable toll. *See, e.g., Baden-Winterwood*, 484 F.Supp. 2d 822, 828 (S.D. Oh. 2007) (defendant was fully aware of its scope of potential liability on the date the suit was filed). If not tolled, the statute of limitations could act to deprive consenting employees of their right of action. *Partlow*, 645 F.2d at 761; *see also Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006) (holding that "the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations."). . . . As the Supreme Court noted in *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989), the inherent benefits of the collective action "will disappear" if plaintiffs are not notified of the suit before their statute of limitations expires.

*Id.* at *64-65; *see also, Castle v. Wells Fargo Fin., Inc.*, 2007 U.S. Dist. LEXIS 31206 (N.D. Cal. 2007) (stay of FLSA collective action

required tolling of statute of limitations). Plaintiffs' claims should be tolled at least dating to February 8, 2008 under these circumstances.

### B. Plaintiff Suggests the Court Allow the Parties to Confer Regarding Any Objections to the Class Notice

Defendant has raised several minor objections to Plaintiff's proposed notice. Plaintiff suggests that if the Court grants Plaintiff's motion, it allow the Parties to confer in an effort to resolve the differences. Many Courts have found the Parties should attempt to resolve disputes with class notices prior to Court intervention. *See Green v. Plantation of Louisiana, LLC*, 2010 WL 5256354 at p. 13 (W.D.La. 2010)(Indeed, after conditional certification is granted, courts often instruct the parties to confer and submit a joint proposed notice to the court for approval): Citing *See Suarez v. S & A Painting and Renovation Corp.,* 2008 WL 5054201, *3 (E.D.N.Y.2008); *Davis v. Abercrombie & Fitch Co.,* 2008 WL 4702840, * 12 (S.D.N.Y.2008); *Frederick v. Dreiser Loop Supermarket Corp.,* 2008 WL 4724721, *2 (N.D.N.Y.2008); *Chowdhury v. Duane Reade, Inc.,* 2007 WL 2873929, *6 (S.D.N.Y.2007). Plaintiff is confident the Parties can resolve all, if not most, of the issues raised by Defendant.

## **CONCLUSION**

Each of Defendant's arguments in opposition to notice have been raised and summarily dismissed by other courts in identical circumstances. Despite Defendant's meritless arguments in opposition to notice, the fact remains that under Stage I, Plaintiff has established that the putative class at issue is similarly situated. As such, Plaintiff has met its burden of making a "modest factual showing" that others are similarly situated in order to be allowed to send court-supervised notices to potential plaintiffs at this first-tier conditional certification stage. Thus, for the foregoing reasons, Plaintiff respectfully requests that this Court grant conditional notice as requested.

Respectfully submitted by:

CARLOS LEACH
MORGAN & MORGAN, P.A.
20 North Orange Ave., Ste. 1600
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407)420-1414
Fax:       (407) 425-8171
Email:     cleach@forthepeople.com

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served to all counsel of record, using the CM/ECF filing system, which I understand will send a notice of electronic filing this 4th day of September 2012.

/s/ **CARLOS V. LEACH**
Carlos V. Leach