UNITED STATES COURT OF FEDERAL CLAIMS

WARDELLE MCCLENDON, on behalf of himself and those similarly situated,

Plaintiff,

vs.

CASE NO.: 1:12-CV-00081-MMS (JUDGE SWEENEY)

UNITED STATES OF AMERICA,,

Defendant. /

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

1. Summary-

Most folks recognize "the Supreme Court would hardly make a dramatic change in [this] Court's jurisdiction by sleight-of-hand, or *sotto voce.*" *Contreras v. United States,* 64 Fed. Cl. 583, 591 (Fed.Cl. 2005) *aff'd*, 168 F. App'x 938 (Fed.Cir. 2006). Defendant nonetheless reads a Fair Credit Reporting Act (FCRA) case[1]- addressing sovereign immunity and the Little Tucker Act- to uproot decades of precedent holding that the Court of Federal Claims is the "appropriate forum" for Fair Labor Standards Act cases like this one. But that case addressed "whether the Little Tucker Act waives the sovereign immunity of the United States with respect to damages actions for [FCRA] violations[.]" *Bormes,* 133 S.Ct. at 15. In FLSA cases however, "the issue… is not whether governmental immunity from suit has been

[1] *United States v. Bormes,* 133 S.Ct. 12(2012).

waived, for it explicitly has been." *Saraco v. United States*, 61 F.3d 863, 865-66 (Fed.Cir.1995).

And the question presented by the government's motion to transfer is not one of sovereign immunity, but rather "in which federal court the authorized suit may be brought." *Saraco*, 61 F.3d at 866. The Federal Circuit has repeatedly held- pursuant to the Tucker Act- that this Court is the "appropriate forum" for FLSA claims like Wardelle McClendon and the other Plaintiffs'. *Id.* The *Bormes* could not have overruled this determination since- unlike those of the FLSA- the FCRA's provisions do "precisely define the appropriate forum." *Bormes*, 133 S.Ct. at 19. Therefore the Federal Circuit's on-point holdings remain controlling, and Defendant's Motion to Transfer Venue should be denied.

**2. Legal Authority-**

**A. The Tucker Act Generally.**

Analysis of this Court's jurisdiction begins with the Tucker Act 28 U.S.C. §§ 1346 & 1491. The Tucker Act creates no substantive right of recovery; rather it waives sovereign immunity and defines the limits of federal jurisdiction in actions against the United States for non-tort money damages. *See United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976); *Chabal v. Reagan,* 822 F.2d 349, 353 (3rd Cir. 1987).

Section 1346, referred to as the Little Tucker Act, states in relevant part:

> The district courts shall have original jurisdiction, concurrent with the United States [Court of Federal Claims], of… (2) Any other civil action or claim against the United States, not exceeding $10,000.00 in

> amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort…

28 U.S.C. §1346(a). Section 1491, referred to as the Big Tucker Act, states in relevant part:

> The United States [Court of Federal Claims] shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. §1491(a)(1).

Thus, for money claims against the federal government, up to and including $10,000.00, the Little Tucker Act grants concurrent jurisdiction to the district courts and this Court. If a qualified claim is for more than $10,000.00, however, the Federal Circuit has repeatedly held the Tucker Act creates exclusive jurisdiction that lies in this Court. *See Zumerling v. Devine,* 769 F.2d 745, 749 (Fed.Cir. 1985); *see also, United States v. Hohri,* 482 U.S. 64, 72, 107 S.Ct. 2246, 2251-52, 96 L.Ed.51 (1987); *Doe v. United States Department of Justice,* 753 F.2d 1092, 1101 (D.C.Cir. 1985); *Graham v. Henegar,* 640 F.2d 732, 734 fn. 5 (5th Cir. 1981); *Marcus Garvey Square, Inc., v. Winston Burnett Construction Co.*, 595 F.2d 1126, 1132 (9th Cir. 1979).

Here there is more than $10,000.00 in controversy.[2] Therefore, if the Tucker Act applies to this case, and if 29 U.S.C. §216(b), the jurisdictional statute cited by Defendant in its Motion, does not demonstrate a specific exception to the $10,000.00 limit rule, jurisdiction for this action lies exclusively in the Claims Court. *See, Spectrum Leasing Corp. v. United States*, 764 F.2d 891, 895 n. 8 (D.C.Cir.1985).

**B. The Tucker Act is Merely a Jurisdictional Statute.**

Plaintiff invokes the Court's Act jurisdiction. 28 U.S.C. §1491. The Tucker Act gives this Court jurisdiction over claims against the United States founded upon the Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1)(2006). However, the Tucker Act is merely jurisdictional statute, and does not create "a substantive right enforceable against the Government by a claim for money damages." *United States v. White Mountain Apache Tribe*, 357 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003).

Instead, the substantive right must arise from another source of law, *United States v. Mitchell*, 463 U.S. 206, 216 (1983), that, in general, "'can fairly be interpreted as mandating compensation by the Federal Government for the

---

[2] As indicated in Plaintiff's Initial Disclosures, Plaintiff McClendon seeks in excess of $50,000.00 for his claim alone. Moreover, Plaintiff's attorneys' fees and costs incurred in prosecuting this case also go toward the $10,000.00 threshold. *See Graham v. Henegar,* 640 F.2d 732, 735-36 (5th Cir. 1981)(attorneys' fees, when provided for by statute, must be included in determining the amount of a Tucker Act claim"). Additionally, courts have repeatedly held that, absent a stipulation that damages are capped at under $10,000.00, it is presumed that Plaintiff's damages exceed $10,000.00 for application of the Tucker Act. *See e.g., Waters v. Rumsfeld*, 320 F.3d 265, 271 (D.C.Cir. 2003)("plaintiffs did not 'clearly and adequately express' an intent to waive their FLSA claims in excess of $10,000.00. Accordingly, the Court of Federal Claims has exclusive jurisdiction to adjudicate those claims, and the district court was without jurisdiction to rule on the merits."); *Matsuo v. U.S.*, 416 F.Supp.2d 982 (D.Hawaii 2006)("Plaintiffs have not stipulated to cap their damages under $10,000.00. The Little Tucker Act does not apply.").

damages sustained[.]'" *United States v. Testan*, 424 U.S. 392, 400 (1976)(quoting *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002, 1009 (1967); *see also, Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed.Cir.1994). (*en banc*) (holding that the other source of law might be a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States."). To make a showing, a plaintiff must demonstrate the substantive source of law that provides for Plaintiff's damages, there is no question that the Tucker Act is applicable. As such, this Court has exclusive jurisdiction over Plaintiff's claims.

**C. The United States Waived Sovereign Immunity for FLSA Claims**

Because McClendon and the other Plaintiffs' "claim against the United States" is "founded… upon" the Fair Labor Standards Act, an "Act of Congress," a threshold question is whether the United States waived its sovereign immunity to such suit. *See Saraco v. United States*, 61 F.3d 863m 864 (Fed.Cir. 1995). It has. *El-Sheikh*, 177 F.3d at 1323.

In 1974, Congress extended the Act to cover most government employees. *See* H.R.Rep.No. 93-913, at 26, *reprinted in* 1974 U.S.C.C.A.N. 2811, 2837. It did so by expanding the definition of "employee"- the touchstone of FLSA coverage- to provide that "[i]n the case of an individual employed by a public agency," "the term 'employee' means"

(A) any individual employed by the Government of the United States-

(i) as a civilian in the military departments (as defined in section 102 of title 5),

(ii) in any executive agency (as defined in 105 of such title),

(iii) in any unit of the legislative or judicial branch of the Government which has positions in the competitive service,

(iv) in a nonappropriated fund instrumentally under the jurisdiction of the Armed Forces, or

(v) in the Library of Congress[.]

29 U.S.C. § 203(e)(2).

A significant benefit to the extension of the Act to government employees was to give them the right to sue for violations of the Act under 29 U.S.C. §216(b):

> Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages… An action to recover the liability prescribed of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

Read together, Sections 203€ and 216(b) permit an "individual employed by the Government of the United States" to maintain in any "court of competent jurisdiction" "[a]n action to recover" damages "against [his] employer." Because the Act thus authorizes McClendon and the other Plaintiffs to sue his "employer"- the United States- the FLSA waives the United States' sovereign immunity from such suits. *See, Saraco*, 61 F3d at 865-66 (stating, in a suit by Customs Service employees for overtime, that under the Fair Labor Standards Act, the United

States' "immunity from suit" by its employees "explicitly has been" waived); *Cosme Nieves*, 786 F.2d at 449 ("the FLSA waives the sovereign immunity of the United States to suit by its employee").

Since the statute waives sovereign immunity, the Court of Federal Claims is a "court of competent jurisdiction" under the Fair Labor Standards Act because the Tucker Act gives that court jurisdiction over claims "against the United States" that are "founded… upon" an "Act of Congress." *See, Saraco*, 61 F.3d at 865.

### D. Binding Federal Circuit Law Dictates FLSA Cases Against the United States Must Be Maintained in the Court of Federal Claims.

Because the FLSA unambiguously waives the United States' sovereign immunity with respect to claims thereunder- creating a substantive source of law for McClendon and the other Plaintiffs' claims, the jurisdictional prerequisite contained within the Tucker Act is met. For this reason, the Federal Circuit has consistently held this Court has jurisdiction to hear such claims. [3] Respectfully,

[3] The Federal Circuit has been joined by every other court to have considered the issue. *See, e.g., Waters,* 320 F.3d at 272 ("We conclude that the plaintiffs did not 'clearly and adequately express' an intent to waive their FLSA claims in excess of $10,000. Accordingly, the Court of Federal Claims has exclusive jurisdiction to adjudicate those claims, and the district court was without jurisdiction to rule on their merits."); *El-Sheikh*, 177 F.3d at *1324; *Beebe v. United States*, 640 F.2d 1283 (Ct.Cl.1981); *Qualls v. United States*, 678 F.2d 190 (Ct.Cl.1982); *Graham*, 640 F.2d at 735 ("Since the instant suit plainly falls within the coverage of the Tucker Act, the Court of Claims is the sole forum for adjudication of this lawsuit if the firefighters' claim exceeds $10,000 in amount, even though other jurisdictional statutes such as 28 U.S.C. §§ 1331 and 1337 would otherwise allow the suit to be tried in district court."); *Parker v. King*, 935 F.2d 1174 (11th Cir.1991), *cert. denied*, 505 U.S. 1229, 112 S.Ct. 3055, 120 L.Ed.2d 921 (1992) (Court of Appeals lacked jurisdiction over appeal in action by federal employees seeking reimbursement for alleged overtime violations of the FLSA, since jurisdiction was based solely on the Little Tucker Act, and Congress has established exclusive Federal Circuit jurisdiction over every appeal from a Tucker Act or nontax Little Tucker Act claim.); *Curtis v. Evans*, 2004 WL 1175227, at *2(D.Md. May 27, 2004) ("In the instant case, Plaintiff demands a judgment [under the FLSA] of at least $258,000.00, far in excess of the $10,000 statutory

these cases are binding on this Court and require that the Court deny Defendant's instant Motion.

In fact, straightforward application of *stare decisis* is all that is necessary here. After all, *Bormes* dealt only with whether the Little Tucker Act could supply a waiver of sovereign immunity for FCRA claims even if the remedial scheme contained in that statute did not. *See Bormes*, at 15. Further, the Supreme Court held the Little Tucker Act is displaced only if the statutes provision *both*: (1) create a plaintiff-specific cause of action; *and* (2) "*precisely* define the appropriate forum." *Id.* at 19 (emphasis added) (quoting *Hinck v. U.S.*, 550 U.S. 501, 507 (2007)).

The government admits "the jurisdictional provision of the FLSA, *unlike* the FCRA, does not specifically name the district court or any other court as the appropriate forum[.]" *See* Defendant's Motion at pg. 8. The government also concedes that the Federal Circuit determined long ago that this Court is the "appropriate forum" for FLSA cases like this one. *Id.* In doing so, the Federal Circuit found that "29 U.S.C. §216(b) authorizes [FLSA] suits 'in any Federal or state court of competent jurisdiction,' but the words 'of competent jurisdiction' tell us that the words do not stand alone but require one to look elsewhere to find out what court, if any, has jurisdiction." *Zumerling*, 769 F.2d at 749. Because the FLSA did not specify the court with jurisdiction to enforce that right, the Federal Circuit held the Tucker Act was the applicable jurisdictional statute (making this Court the

---

limit. Therefore, this case, as Defendants correctly argue, rests within the exclusive jurisdiction of the Court of Federal Claims.").

appropriate forum for cases like this one). *Id.; accord, El-Sheikh v. United States*, 177 F.3d 1321, 1324 (Fed.Cir.1999); *Saraco*, 61 F.3d at 866 (Fed.Cir.1995).[4]

And if "a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989).[5] Thus, the Federal Circuit "applies the rule that earlier decisions prevail unless overruled by the court en banc, or by other controlling authority such as intervening statutory change or Supreme Court decision." *Texas Am. Oil Corp. v. U.S. Dept. of Energy*, 44 F.3d 1557, 1561 (Fed.Cir.1995)(en banc). Because the Federal Circuit held- directly- that this Court is the appropriate forum for FLSA claims of this type, the issue before this Court is not one of first impression. Rather, the Federal Circuit has repeatedly held that the Court of Federal Claims has exclusive jurisdiction over FLSA claims against the United States seeking damages in excess of $10,000.00. Because such decisions have never been overruled, this Court is bound by those decisions. As such, Defendant's Motion must be denied on this basis alone.

---

[4] Other courts of appeal unanimously agree that FLSA claims like this one belong in the Court of Federal Claims. *See, e.g., Waters v. Rumsfeld*, 320 F.3d 265 (D.C.Cir.2003); *Parker v. King*, 935 F.2d 1174 (11thCir.1991); *Graham v. Henegar*, 640 F.2d 732 (5thCir. 1981).

### E. *Bormes* Did Not Change Well-Established Black-Letter Law

As if it were enough, Defendant argues *Bormes* implicitly overrules the longstanding precedent holding FLSA cases against the United States must be maintained in the Court of Federal Claims. *See* Defendant's Motion, *passim.* But again, the *Bormes* decision did not even address the issue before this Court, let alone overrule prior binding authority. Instead, *Bormes* addressed "whether the Little Tucker Act waives the sovereign immunity of the United States with respect to damages action for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*" 133 S.Ct. at 15.

In *Bormes*, the plaintiff sued the United States, alleging violations of the FCRA in District Court, citing the Little Tucker Act as well as the FCRA (federal question) as the basis of the court's alleged jurisdiction. *Id.* at 15.[6] The district court dismissed the lawsuit, finding the FCRA does not contain the explicit waiver of sovereign immunity necessary to permit a suit for damages against the United States. *Id.,* at 16. The plaintiff appealed to the Federal Circuit, who reversed and held that the Little Tucker Act provided that the United States' consent to suit for

---

[5] And this Court is, in turn, obligated to follow Federal Circuit precedent. *Coltec Indus. v. United States*, 454 F.3d 1340, 1353 (Fed.Cir.2006); *Auto Club Ins. Ass'n v. United States*, 103 F.Cl. 268, 272 (Fed.Cl.2012).

[6] Unlike the FLSA, the FCRA specifically states that jurisdiction to enforce the FCRA will lie "***in any appropriate district court***, without regard to the amount in controversy, or in any other court of competent jurisdiction," a point the court specifically noted. *See, id.,* at 19 (citing 15 U.S.C. §§ 1681(n) and (o)). In contrast, the FLSA contains no such language. Instead, it states that employees seeking to enforce their rights under the FLSA may bring suit in "any Federal or State court of competent jurisdiction." 29 U.S.C. 216(b). Because the FLSA fails to define what court is a "Federal or State court of competent jurisdiction," it is less specific than the Tucker Act in this regard. For this reason, courts have uniformly held that the Tucker Act's jurisdictional requirements (for cases

violation of the FCRA (i.e. the Little Tucker Act created a remedy for the United States violations of the FCRA irrespective of whether the FCRA itself waived the United States' sovereign immunity). *Id.* Reversing the Federal Circuit, the Supreme Court held that "[w]here, as in the FCRA, a statute contains its own self-executing remedial scheme, we look only to that statute to determine whether Congress intended to subject the United States to damages liability." *Id.*, at 17.

The court reasoned that the Tucker Act was never intended to create a remedy where a detailed remedial statute otherwise created none, because the United States had not explicitly waived its sovereign immunity. *Id.*, at 18.[7] Having held the Little Tucker Act could not serve as a basis of liability (and create a remedy) if the FCRA did not otherwise explicitly waive the United States' sovereign immunity, the court remanded the case back to the Seventh Circuit, to decide whether the United States had indeed waived its right to sovereign immunity. *See id.,* at 20. Presumably, based on the body of Supreme Court case law, if the Seventh Circuit later held that the FCRA waived the United States' sovereign immunity, the necessary precondition for jurisdiction under the Little Tucker Act would be triggered such that the Court of Federal Claims would have *concurrent* jurisdiction over the claim, however this was an issue not reached by the court. *See id.,* generally. But given its inapposite facts, resolving an entirely different issue under

against the United States) mandate that FLSA cases against the United States be brought in the Court of Federal Claims. *See, e.g., Zumerling; Saraco; Lemon, supra.*

[7] In this regard, the court noted "[w]e have long recognized that an ***additional remedy*** in the Court of Claims is foreclosed when it contradicts the limits of a precise remedial scheme." *See id.,* at 19 (citing *Nichols v. United States*, 7 Wall. 122, 131 (1869))(emphasis added).

a different statute, *Bormes* offers no support for Defendant's position that this FLSA case should be transferred to the United States District Court for the District of New Jersey.

### F. The Post-*Bormes* Case Law Suggests this Court Remains the "Appropriate Forum" for FLSA Cases Like This One.

In the only two post-*Bormes* decisions addressing the issue, the United States *successfully* argued the Court of Federal Claims has exclusive jurisdiction to hear FLSA cases against the United States. In the first case, the United States argued the Southern District of California did "not have jurisdiction over [the plaintiff's] fourth claim for relief (Failure to Pay Overtime Wages in Violation of the FLSA) because the jurisdiction for monetary claims against the federal government arising under the FLSA can only be brought before the Court of Federal Claims, as per the Tucker Act, 28 U.S.C. §1491." *Galloway v. Mabus,* 11-CV-0547-BEN-NLS, 2013 WL 435932, at *4 (S.D.Cal. Feb. 4, 2013). The Court *agreed* that is lacked and "transferred [the FLSA claims] to the United States Court of Federal Claims." More recently, the United States prevailed in the Western District of Oklahoma by arguing that court was "not a court of competent jurisdiction for FLSA claims because the Tucker Act provides exclusive jurisdiction over such claims in the Court of Federal Claims." *Moore v. Donley*, CIV-12-1003-HE, 2013 WL 3940898, at *1 (W.D.Okla. July 30, 2013) (granting government's motion to dismiss, and transferring plaintiffs' FLSA action to the Court of Federal Claims). In short, *Bormes* did not displace decades of binding authority *sub silentio. Cf. Contreras,* 64

Fed.Cl. at 591. Rather, this Court is bound to exercise its jurisdiction to hear this case. Defendant's Motion should be denied.[8]

**3. Conclusion-**

For all of the aforementioned reasons, Defendant's Motion to Transfer should be denied.

Dated this 3rd day of September, 2013.

**s/ CARLOS V. LEACH**
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: CLeach@forthepeople.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and has been filed using the CM/ECF filing system, which I understand will send a notice of electronic filing to all parties of record this 3rd day of September 2013.

**s/ CARLOS V. LEACH**
Carlos V. Leach

[8] The government has raised this issue in a case pending before the Federal Circuit in *Abbey, et al v. U.S.*, Case No. 13-5009, as well as several other cases before this Court. In the event a decision is issued in any of those cases, Plaintiff may seek leave to file a supplemental brief.